# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHADDRICK TAYLOR (#433040)**  CIVIL ACTION NO.

**VERSUS**  19-374-SDD-EWD

**TIMOTHY HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHADDRICK TAYLOR (#433040)**    CIVIL ACTION NO.

**VERSUS**    19-374-SDD-EWD

**TIMOTHY HOOPER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint, as amended, of Chaddrick Taylor ("Plaintiff"), an inmate confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's claims be dismissed.

**I.    Background**

Plaintiff filed suit on June 4, 2019 against Timothy Hooper, Todd Barrere, and Eric Hinyard,[2] alleging that he has been denied due process of law with respect to his continued confinement to the working-cell blocks after a disciplinary violation for a longer period of time than his sentence.[3] Plaintiff seeks declaratory, injunctive, and monetary relief.[4]

**II.    Law & Analysis**

**A.  Standard of Review**

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim by a prisoner against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. §1915A

---

[1] R. Docs. 1 & 4.
[2] The suit was not docketed until June 7, 2019 but is signed on June 4, 2019. R. Doc. 1, pp. 10-11. Plaintiff originally named Todd Barrere and Eric Hinyard as Unknown Barrere and Unknown Hinyard. These Defendants names were corrected via amendment filed on June 24, 2019. R. Doc. 4.
[3] R. Docs. 1 & 4.
[4] R. Doc. 4, p. 9.

contemplates that dismissal may occur before service of process or before any defendant has answered, if the court determines that the claim or action does not pass the screening process.

To determine whether the complaint fails to state a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of § 1915A.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

---

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### B. Plaintiff Has Failed to Allege Facts to Support Any Claims Against Defendants

#### 1. Plaintiff Has Failed to State a Claim with Respect to His Confinement to The Working-Cell Blocks

Plaintiff complains that he was originally held in the working-cell blocks in prehearing detention for 27 days, following a disciplinary charge.[13] Following a hearing, Plaintiff was sentenced to 90 days in the working-cell block.[14] While Plaintiff does not take issue with the initial disciplinary sentence to the working-cell blocks, he complains that he was held in the working-cell blocks for eight months longer than his original disciplinary sentence.[15] Whether a due process claim is viable first depends on whether Plaintiff has a liberty interest at stake.

Ordinarily an inmate does not have a due process interest in his custodial classification.[16] Even solitary or segregated confinement is "typically viewed as an ordinary, expected, and permissible incident of prison life."[17] A state-created liberty interest may arise if segregated confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," such that it may be considered grounds for a due process violation.[18] The court must undertake a case-by-case examination of the degree and duration of an inmate's confinement to determine whether a state-created liberty interest has arisen.[19] The United States Fifth Circuit Court of Appeals has held that "absent extraordinary circumstances, administrative segregation, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim."[20] Here, Plaintiff only appears to have been sent to a section of the prison

---

[13] R. Doc. 1, p. 6.
[14]. *Id*
[15] R. Doc. 4, p. 4. Plaintiff was removed from the working-cell blocks prior to July 25, 2019, at the latest, when he sent a notice of change of address to this Court noting that he had been transferred to David Wade Correctional Center. R. Doc. 5.
[16] *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).
[17] *Bailey v. Fisher*, 647 Fed.Appx. 472, 474 (5th Cir. 2016), citing *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) and *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).
[18] *Wilkerson v. Goodwin*, 774 F.3d 845, 855-57 (5th Cir. 2014).
[19] *Sandin v. Conner*, 515 U.S. 472, 486 (5th Cir. 1995).
[20] *Pichardo*, 73 F.3d at 612.

similar to administrative segregation. He does not allege facts to indicate that he suffered from any atypical, significant deprivations as a result of being housed in the working-cell blocks so as to entitle him to the protections afforded by the due process clause.[21]

Even if Plaintiff had better described the conditions of confinement, he cannot state a claim as a matter of law because he was only confined in the working-cell block for eight to nine months. The Fifth Circuit has suggested that "two and a half years of segregation is a threshold of sorts for atypicality, such that 18-19 months of segregation under even the most isolated of conditions may not implicate a liberty interest."[22] Plaintiff was simply not confined in the working-cell blocks for a long enough period of time for a liberty interest to have arisen. Thus, he was not entitled to the protections of the due process clause. Controlling precedent establishes that Plaintiff's complaint does not state a cognizable constitutional claim for over detention of eight to nine months in the working-cell block.[23]

### 2. Plaintiff Has Failed to State an Equal Protection Claim

To the extent Plaintiff is attempting to state an equal protection claim with his allegations that he was "singled out for harassment and mistreatment by defendant Barrere,"[24] he also fails to state a claim. Because Plaintiff does not allege that he is a member of a suspect class who has been treated differently because of membership in that class, any equal protection claim would be a

---

[21] *Good v. Scott*, 204 F.3d 1114, at *1 (5th Cir. 1999) (*per curiam*) (rejecting the plaintiff's argument that he had a liberty interest in remaining in the general prison population and affirming dismissal of the plaintiff's complaint as a matter of law because continued confinement in administrative segregation does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

[22] *Bailey*, 647 Fed.Appx at 476, citing *Wilkerson*, 774 F.3d at 855 (internal citations omitted). Plaintiff also complains that Defendant Hinyard failed to periodically review Plaintiff's conduct as procedurally required. Plaintiff was likely not housed in the working-cell blocks for long enough to afford him a due process right to periodic reviews. *See Hewitt v. Helms*, 459 U.S. 460, 477, n. 9 (1983), *abrogated in part on other grounds by Sandin*, 515 U.S. at 483 ("Where the placement in administrative segregation continues for several *years*, due process requires that the prisoner receive meaningful periodic reviews….").

[23] To the extent Plaintiff complains regarding his 27-day confinement to "pre-hearing segregation," that claim would fail for the same reasons. *See Allums v. Oliver*, No. 10-162, 2011 WL 529406, at *2 (E D. Tex. Feb. 7, 2011) (dismissing as frivolous the plaintiff's due process claim for being held in pre-hearing detention for 17 to 18 days without a hearing).

[24] R. Doc. 4, p. 5.

4

"class of one" claim. To succeed with a "class of one" claim, a plaintiff must show that he or she was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment.[25] This Court has previously held that class of one equal protection claims arising from disciplinary decisions and continued heightened confinement related thereto are not cognizable, stating as follows:

> Due to the unique nature of every disciplinary proceeding and of continued segregation arising from such proceedings…a class of one equal protection claim is not cognizable with respect to claims regarding prison disciplinary proceedings and subsequent prisoner classification and placement due to the vast discretion involved in such decisions.[26]

Any "class of one" equal protection claim should also be dismissed for failure to state a claim.

### C. Plaintiff Should Not Be Given Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[27] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[28] and leave to amend is not required when an amendment would be futile, *i.e.*, when "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[29]

Plaintiff has already amended his Complaint once. Despite this amendment,[30] his claims still fail.[31] Courts are not required to give unending leave to amend for a *pro se* plaintiff to attempt

---

[25] *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008).
[26] *See Escobarrivera v. Vannoy, et al.*, No. 19-498, 2021 WL 1604872, at **7-8, (M.D. La. Feb. 24, 2021) (internal quotation marks and citations omitted), *report and recommendation adopted Escobarrivera v. Vannoy*, No. 19-498, 2021 WL 943106 (M.D. La. March 12, 2021).
[27] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[28] *Id.*
[29] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[30] R. Doc 4.
[31] *See Landry v. Louisiana Correctional Institute for Women*, No. 17-227, 2019 WL 4270988, at *16 (M.D. La. Sept. 26, 2019), citing *Marucci Sports*, 751 F.3d at 378 ("repeated failures to cure deficiencies by amendments previously allowed is a factor to consider when granting or denying leave to amend.").

to state a claim.³² Additionally, Plaintiff's Complaint, as amended, is easy to comprehend. The allegations are clear that he was held in the working-cell block for significantly longer than his disciplinary sentence and he believes this action to be unfair punishment. Those allegations simply do not rise to the level of a federal constitutional violation without more. Because under the circumstances, it does not appear that Plaintiff will be able to state any cognizable federal claims consistent with the facts alleged, denial is recommended should Plaintiff seek leave to amend.

### D. The Exercise of Supplemental Jurisdiction Should Be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.³³ Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.³⁴

---

³² *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).
³³ 28 U.S.C. § 1367.
³⁴ Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**